## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SHABRIA "BRI" WILLIAMS      \*
     \*
***On Behalf of Herself and All***      \*
***Other Similarly Situated Individuals***      \*
     \*
        PLAINTIFF,      \*
     \*
   v.      \*    Case No.: 1:19-cv-274
     \*
GGC-BALTIMORE, LLC      \*
D/B/A THE GENTLEMEN'S GOLD CLUB      \*
     \*
       DEFENDANT.      \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>AFFIDAVIT OF SHABRIA "BRI" WILLIAMS</u>

1.      I am over the age of eighteen (18), of sound mind, and able to testify to the following from first-hand knowledge.

2.      I was employed by the Defendant GCG-Baltimore, LLC d/b/a The Gentlemen's Gold Club ("Defendant") as an exotic dancer at Defendant's Gentlemen's Gold Club in Baltimore, Maryland from about October 2016 through about September 2018.

3.      During the period of my employment, I regularly and customarily worked about three (3) to five (5) shifts per week.

4.      The shifts I worked were typically worked about five (5) to seven (7) hours long. From time to time, I worked double shifts and worked ten (10) to twelve (12) hours at the Gentlemen's Gold Club in a single day.

5.      During my period of employment, I typically worked about twenty (20) to thirty (30) hours per week. From time to time when I worked additional shifts or double shifts, I worked up to forty (40) hours per week, and in some instances, more than forty (40) hours in a single workweek.

6.      At all times during the period of my employment, Defendant had actual knowledge of all hours I worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising my work duties.

7.      At no time during my period of employment did Defendant ever pay me any wages for hours that I worked each week.

7.      At all times throughout the period of my employment, Defendant totally failed to pay wages to all other exotic dancers for work duties performed.

8.      At all times throughout the period of my employment, Defendant classified me as an independent contractor and not an employee.

9.      Based on my information and belief, the reason Defendant did not pay me wages was because Defendant classified me as an independent contractor and not as an employee.

10.     Based on my information and belief, from at least January 2016 through the present, Defendant has classified all exotic dancers at its Gentlemen's Gold Club as independent contractors and not as employees.

11.     Based on my information and belief, Defendant did not pay wages to any exotic dancers at the Gentlemen's Gold Club because Defendant classified the exotic dancers as independent contractors and not as employees.

12.     While it is true that Defendant classified the other exotic dancers and me as independent contractors, at all times while working for Defendant at the Gentlemen's Gold Club, many exotic dancers and I considered ourselves employees of Defendant and that Defendant was our employer.

13.     At all times, Defendant controlled all aspects of the job duties all exotic dancers and I performed through strictly enforced employment rules.

14.     Defendant hired all exotic dancers and me and, at all times, had the ability to discipline all dancers, fine all dancers, fire all dancers, and adjust my schedule and the schedule of other dancers.

15.     Defendant, at all times, supervised my work duties and the duties of all other exotic dancers to make sure our job performance was of sufficient quality.

16.     Defendant, at all times, set and determined the pricing for customers for private and semi-private exotic dancers to ensure that exotic dancers were limited to the set prices set exclusively by Defendant.

17.     From time to time, Defendant set or promoted specials or deals for customers like 2-for-1 dancers or discounted dances and exotic dancers and I were required to perform for customers in exchange for reduced private dance payments.

18.     At all times, all exotic dancers and my pay and opportunity for wages were limited to the pay method set exclusively by Defendant.

19.     While it is true that many exotic dancers and I requested to work certain shifts each week, Defendant controlled all aspects of setting and enforcing all work schedules.

20.     At no time did I or any other exotic dancer make more money or enjoy more financial benefits if Defendant was operating successfully and realizing increased or additional profits.

21.     At no time did I or any other exotic dancer make a financial investment in Defendant or any equipment belonging to Defendant.

22.     To perform the work duties that all exotic dancers and I performed for Defendant, no exotic dancer had or needed any required certificate, education, or specialized training.

23.     At all times, Defendant was in the business of operating a night club featuring exotic dancers and at all times it was my job duty and the job duty of each other exotic dancer, for Defendant, to perform as exotic dancers for Defendant's customers.

24.     In addition to failing to pay all exotic dancers and me wages for hours worked, Defendant required all exotic dancers me to pay Defendant a house fee or kickback of $25.00 or more for each shift the other exotic dancers and I worked.  This house fee or kickback was increased by Defendant, at Defendant's sole discretion, if exotic dancers or I arrived late for our shifts at the Gentlemen's Gold Club.

25.     I am pursuing this lawsuit on behalf of myself and all other similarly situated individuals who performed work duties as exotic dancers for Defendant at Defendant's Gentlemen's Gold Club during the period January 2016 through the final judgment of this case.

26.     Other current and former exotic dancers employed by Defendant at the Gentlemen's Gold Club are similarly situated to me because each of them were (1) improperly classified as independent contractors; (2) were not paid any wages by Defendant for hours worked; (3) were required to pay per-shift house fee kickback to Defendant for each shift worked; and (4) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

27.     I am substantially similar to other current and former exotic dancers employed by Defendant because all other exotic dancers and I are owed (1) a return of all house fee kickback payments made to Defendant for each shift worked; plus (2) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (3) statutory liquidated damages as provided by Federal law for Defendant's failure to pay minimum wage compensation as required by Federal law.

4

28.    Based upon my personal knowledge of Defendant and its operations, I am confident that Defendant has employed at least fifty (50) current and former exotic dancers at Defendant's Gentlemen's Gold Club in the past three (3) years.

29.    Based upon my personal knowledge of Defendant and its operations, I am confident that information and records relating to all current and former exotic dancers employed by Defendant are in the possession and control of the Defendant.

30.    Other current and former exotic dancer employees at Defendant's Gentlemen's Gold Club deserve to receive notice of this lawsuit and an opportunity to opt-in to this lawsuit to pursue their claims for unpaid minimum wage compensation and statutory damages provided by Federal law.

I SWEAR AND AFFIRM that all of the foregoing facts are true and correct and are testified to from my personal first-hand knowledge.

_____                    March 21, 2019
Shabria "Bri" Williams                                          Date