IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHABRIA "BRI" WILLIAMS, *et al.*, *Individually and on behalf of all other similarly situated individuals.* | * * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 1:19-cv-00274-JMC |
| GGC-BALTIMORE, LLC *d/b/a/Gentlemen's Gold Club*. | * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case is brought under the Fair Labor Standards Act (FLSA) for unpaid wages by Plaintiff Shabria "Bri" Williams against her former employer, Defendant GGC-Baltimore, LLC, doing business as Gentlemen's Gold Club. Pursuant to Standing Order 2018-4 and 28 U.S.C. § 636(c), the case was assigned directly to a magistrate judge and the parties consented to proceed before that magistrate judge. (ECF No. 14). Pending is Plaintiff's Motion for Notice to Potential Plaintiffs and for Conditional Certification, (ECF No. 15), Defendant's Opposition, (ECF No. 19), and Plaintiff's Reply. (ECF No. 22). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons below, Plaintiffs' motion is GRANTED in part and DENIED in part.

### CONDITIONAL CERTIFICATION

The FLSA permits plaintiffs to "maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216," *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008), which provides in pertinent part:

> An action...may be maintained against any employer...by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Section 216(b) establishes an "opt-in" scheme, "whereby potential plaintiffs must affirmatively notify the Court of their intentions to be a party to the suit." *Quinteros*, 532 F. Supp. 2d at 771 (citing *Camper v. Home Quality Management, Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)). The FLSA certification process typically occurs in two stages. First, at the "notice stage," the court "makes a threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to putative class members is appropriate." *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012) (citations and internal quotations omitted). Second, at the "decertification stage," once discovery is closed, the court conducts a more stringent inquiry to determine whether the plaintiffs are in fact "similarly situated" as required by section 216(b) and to make a final determination regarding whether the case should proceed as a collective action. *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007) (citations omitted).

At the notice stage, a plaintiff only need to make a "relatively modest factual showing" that they are similarly situated to potential opt-in plaintiffs. *Marroquin v. Canales*, 236 F.R.D. 257, 259 (D. Md. 2006) (citation omitted). "A group of potential plaintiffs are 'similarly situated' when they together were victims of a common policy or scheme or plan that violated the law." *Id.* at 260 (citation omitted). While mere allegations in a complaint are insufficient to show substantial similarity, a plaintiff may make an adequate factual showing by affidavit. *Id.* at 259–60 (citation omitted). Such an affidavit must set forth more than "vague allegations" with "meager factual support" to establish substantial similarity. *D'Anna v. M/A–COM, Inc.*, 903 F. Supp. 889, 894 (D.

2

Md. 1995). As noted above, however, plaintiffs need not conclusively establish that they are similarly situated until the post-discovery decertification stage. *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007).

To make this modest showing, Plaintiff supplies her own affidavit. (ECF No. 15-2). In her affidavit, she alleges that she worked for Defendant from October 2016 through September 2018. (*Id.* at ¶ 2). She alleges that during this time period she would typically work approximately twenty to thirty hours a week and occasionally work more than forty hours a week. (*Id.* at ¶ 5). She further alleges that during her employment she was never paid an hourly wage and was classified as an independent contractor. (*Id.* at ¶¶ 7-9). It also alleges that based upon information and belief "from at least January 2016 through the present, Defendant has classified all exotic dancers at its Gentlemen's Gold Club as in dependent contractors and not as employees." (*Id.* at ¶ 11). Nevertheless, Plaintiff alleges within the affidavit that Defendant "controlled all aspects of the job duties" and "had the ability to discipline all dancers, fine all dancers, fire all dancers, and adjust my schedule and the schedule of all other dancers." (*Id.* at ¶¶ 13-14). She also alleges that Defendant set all pricing, schedules, and maintained a system of fees and fines to which dancers were subject. (*Id.* at ¶¶ 16, 18, 19, 24).

Defendant argues that conditional certification and notice are inappropriate because Plaintiff only submitted one affidavit based on hearsay and thus failed to meet her burden. This argument, however, is unpersuasive. First, a plaintiff moving for conditional certification need not file multiple affidavits to meet her burden. *See McFeeley v. Jackson Street Entm't, LLC*, No. DKC–12–1019, 2012 WL 5928902 (D. Md. Nov. 26, 2012) (granting a motion for conditional class certification based upon a single exotic dancer's affidavit); *Calder v. GGC-Baltimore, LLC*, CIV. BPG-12-2350, 2013 WL 3441178 (D. Md. July 8, 2013) (same). Second, "hearsay that may

3

be inadmissible at trial may be considered at the notice stage where the affiant has knowledge of the statement." *Calder*, 2013 WL 3441178, at *2 n. 1 (2013) (citing *Robinson v. Empire Equity Grp., Inc.*, No. WDQ–09–1603, 2009 WL 4018560, at *3, nn. 16–17 (D. Md. Nov. 18, 2009) (considering affiant's statement regarding knowledge of defendant's compensation of certain loan officers that affiant learned from speaking to those loan officers about how they were paid)). Accordingly, this Court finds that Plaintiff has made adequate factual allegations to meet her modest burden in that she is similarly situated to other exotic dancers who worked for Defendant.

## NOTICE

Having found that Plaintiff is similarly situated to other exotic dancers who worked for Defendant, notice must be provided. Plaintiff requests that this Court approve notice to "all current and former exotic dancers that worked at Defendant's Gold Club in Baltimore, Maryland at any time from January 2016 through the present" through first class mail, e-mail, and posting within the dressing room. (ECF No. 15-1 at 15-16). To facilitate notice, Plaintiff asks this Court to require Defendant to disclose the "names, last known home addresses, email addresses (business and home), and home and cellular telephone numbers" of any potential plaintiffs that would fit within the above defined class. (*Id.* at 15). In response, Defendant only challenges Plaintiff's date range arguing that it violates the two-year statute of limitations period imposed by the FLSA. (ECF No. 19-1).

This Court's broad discretion over opt-in notices is guided by an overarching goal to "provide accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate." *Butler*, 876 F. Supp. 2d at 575 (quotations and citations omitted). Nevertheless, this Court "will not order more

4

extensive notification than is necessary, to reach potential class members [,]" unless special circumstances exist. *Blake v. Broadway Services, Inc.*, 2018 WL 4374915, at *5 (D. Md. 2018)

As for the information sought, Defendant is directed to supply Plaintiff with each possible plaintiff's full name, last known residential address, and last known personal and work e-mail addresses. Plaintiff's request for "home and cellular telephone numbers" is denied for failure to show any special circumstances to necessitate such production. *See McFeeley*, 2012 WL 5928902, at *5 n. 2 ("Absent a showing by plaintiffs of special need for the disclosure of class members' telephone numbers, ordering such disclosure is not appropriate.") (citation and internal quotation marks omitted).

As for the time period Defendant opposes, the FLSA statute of limitations is two years, but may be extended to three years if the violation of the Act was willful. *See* 29 U.S.C. § 255(a). An employer is willful in its violation of the FLSA if the employer knows, or shows reckless disregard as to whether, its conduct is prohibited by the FLSA. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Plaintiff argues that the alleged violations were willful, so the appropriate period of time extends from "January 2016 through the present." Defendant asserts that starting in 2016 would violate the FLSA's two-year statute of limitations and that the proper period would be from January 2017 to January 2019. While now arguing that Defendant was willful, Plaintiff fails to advance any colorable allegations that this Court can interpret as support for such an allegation.[1] Seeing no basis for using the three year statute of limitations at this time, this Court will only permit notice to all current and former exotic dancers that worked at Defendant's Gold

---

[1] In Reply, Plaintiff first argues that Defendant willfully violated the FLSA and points to allegations within her Complaint concerning a previous FLSA law suit against Defendant, which this Court cites above, *Calder v. GGC-Baltimore, LLC*, CIV. BPG-12-2350, 2013 WL 3441178 (D. Md. July 8, 2013). In doing so she avers that this pervious suit reveals the willfulness sufficient to justify use of the three-year statute of limitations. Upon review of that case and its docket, this Court disagrees. Not only was the topic of willfulness never raised within the suit, but the case was ultimately dismissed for the plaintiffs' refusal to participate in discovery before ever reaching the second "decertification" stage. *See Calder v. GGC-Baltimore, LLC*, CIV. BPG-12-2350, ECF Nos. 53 and 54.

Club in Baltimore, Maryland under the two-year statute of limitations — at any time from January 2017 through the present.

Lastly, Plaintiff includes within her proposed order a request to "send subsequent mailings and/or e-mailings of this Notice at [her] own expense." Despite Defendant not objecting to this, the Court will deny this request. Like Plaintiff's request for telephone numbers, this request was made absent a showing that some special circumstance necessitates multiple notices. *See e.g.*, *Calderon v. Geico Gen. Ins. Co.*, 2011 WL 98197, at *8 (D. Md. Jan. 12, 2011) ("Plaintiffs' request to send reminder notices has the potential to unnecessarily stir up litigation, and will therefore be denied." (quotations omitted)).

Otherwise, Plaintiff's requests to mail and e-mail the notice, as well as post the notice and consent forms in the dressing room of the Gentlemen's Gold Club are unopposed and granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Notice to Potential Plaintiffs and for Conditional Certification, (ECF No. 15), is GRANTED in part and DENIED in part.

A separate Order shall follow.

Dated: May 8, 2019                                                /s/
                                                                  J. Mark Coulson
                                                                  United States Magistrate Judge